UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

DAVID STEBBINS,                                                                          PLAINTIFF

VS.                                     Case _____

AMERICAN ARBITRATION ASSOCIATION, INC                         DEFENDANTS

## **COMPLAINT**

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Complaint for a violation of 42 USC § 1983 in the above-styled action.

### I: PRELIMINARY MATTERS

1.      Before we discuss the case itself, we should establish the following:

### I-1: Acting under color of law

2.      The American Arbitration Association ("AAA" or "Defendant") is a private entity. This means that it is presumed not to be a government party and, therefore, presumed to be exempt from § 1983. However, this presumption can be overcome with a showing that the Defendant was engaging in a "public function," which is to say, "the private conduct consisted of activity that has traditionally been the exclusive prerogative of the State." See McGugan v. Aldana-Bernier, 752 F. 3d 224, 229 (2nd Cir. 2014).

3.      Here, the AAA is a substitute for the courts and litigation. That absolutely qualifies as an "activity that has traditionally been the exclusive perogative of the State." Therefore, the AAA was acting under color of law. Immunity is a different story, but I will discuss that below, when I begin explaining the applicable law.

### I-2: Jurisdiction and Venue

4.      This Court has federal question jurisdiction because it involves a violation of my federal constitutional right to due process of law.

5.      Venue and personal jurisdiction are proper in this court under 28 USC §1391(b)(1) because the Defendant is headquartered in (and, therefore, resides in) New York City, with its primary office located at 120 Broadway, 21st Floor, New York, NY 10271.

### I-3: Identities of the Parties

6.  I am a resident of Harrison, AR. The already-named Defendant is the world's largest provider of alternative dispute resolutions in the United States. They can be served with process at the following registered agent:

Corporation Services Company
80 State St.
Albany, NY 12207

### II: FACTS OF THE CASE

7.  The following facts are necessary to understand the case.

### II-1: Arbitration Demands Filed

8.  I suffered two adverse employment actions from two separate employers in the year 2025, and the employers in question had arbitration agreements in place. One of them was when I was terminated from Premium Retail Services over a knowingly false customer complaint, and the other was when I was terminated from Bobanks Holdings LLC because I was discriminated against on the basis of being male, and then fired when I complained about said discrimination.

9.  Both employers had arbitration agreements, so when I sued them, I was required to submits demands for arbitration with the American Arbitration Association.

10. The first demand I submitted was on November 30, 2025, when I sued my former employer, Premium Retail Services LLC, both for wrongful termination, as well as for defamation, because their employees reposted the knowingly false customer allegations online publicly.

11. The second demand for arbitration was filed on December 4, 2025, against Bobanks Holdings LLC for sex discrimination and retaliation.

### II-1-A: Likelihood of Success on Demand #1

12. The first demand for arbitration also contained a count of defamation. I would be able to prove both that the allegations are false and that the defendant either knew they were false or acted in reckless disregard to their truth through the simple expedient of requesting the relevant CCTV footage. I can provide more details once this case gets underway, including a copy of the Complaint I submitted to the AAA.

13.     For these reasons, I had a very high likelihood of success on the merits if I got a truly neutral arbitrator who didn't have a conflict of interest against me.

II-1-B: Likelihood of Success on Demand #2

14.     For my second demand for arbitration, I had a very high likelihood of success on the merits on the sex discrimination claim because the scheduler at that company told me, both over email and on a recorded phone line, that the reason my shifts were being canceled was because the customers were asking for females.

15.     While the industry I worked in recognized a limited BFOQ defense, it's an extremely limited one, and Bobanks Holdings never made any effort to verify if the criteria for that defense was ever met. It was literally just... customer only wants women. BAM! David's shift is cancelled! And they admitted to it in writing and over a recorded phone line!

16.     When I complained to my boss about the sex discrimination, they terminated me less than one hour later. It was blatant and nakedly transparent retaliation. They didn't even try to hide it. They didn't even attempt to make up a pretextual excuse.

17.     Again, I can provide more details once this case gets underway. For these reasons, I had a very high likelihood of success on the merits if I got a truly neutral arbitrator who didn't have a conflict of interest against me.

**II-2: Defendant's Refusal to Open Cases**

18.     When I submitted my demands for arbitration, including more detailed complaints outlining the basis for my claims, cases were not immediately opened up. Instead, I received immediately emails from the defendant titled "AAA DOCUMENT RECEIPT" followed by an interim queue number. The interim queue number for the case against Premium was 01-25-0009-1196 and the interim queue number for the case against Bobanks was 01-25-0009-1990.

19.     Both of these emails explicitly stated that these emails do not constitute the opening up of a new cases, but only acknowledging receipt of the papers.

20.     In both emails, they notified me that the actual initiation of a new claim might take up to 14 days. That was the **maximum** amount of time it was supposed to take. This means that the opening up of a new case for, for each demand, should have occurred no later than December 13

and December 18, respectively, otherwise the defendant outright lied when they said that 14 days was the maximum amount of time it would take to move to the next step.

21.     Despite these deadlines which the Defendant clearly represented to me as being the latest I should expect to hear from them, I never heard back from them. At all. I called them repeatedly and even sent them multiple emails, but they never even returned a single phone call. They only responded to me once over email, and even then, they never told me anything tangible, specific, or useful, but instead just sent me what was clearly just a boilerplate response about how all claims are processed in the order they're received.

22.     Even if, for some reason, they might suddenly be absolutely overwhelmed with thousands of filings a day and suddenly have half of their relevant staff walked out due to some employment dispute or whatever, which may justify the delay if they can actually prove it, that sitll doesn't justify them just ghosting me when I tried to contact them and find out what's taking so long.

23.     At this point, it's clear that they are just outright refusing to process my claims.

## II-3: Injuries I have suffered

24.     First, there's the obvious injuries: I can't win my cases if they never file them, and that means I can't recover any damages. Therefore, the value of both of those cases is my first set of compensatory damages.

25.     In addition to that, I am also burning my bridges with the AAA by dint of filing this very lawsuit. This lawsuit will necessarily create a conflict of interests between me and the AAA, requiring every AAA arbitrator to recuse themselves. For example, in my home county, my local trial court has a judge who had previously recused herself from one of my cases simply because I had, years ago, sued a law firm she worked for at the time. Even though she wasn't working for the law firm anymore, and even though she wasn't listed or implicated in any way in that lawsuit, she still had to recuse herself. Likewise, because the entire AAA is being sued here, that means every arbitrator who works for the AAA, present or future, takes on a similar conflict of interests to that judge. If I sued a *clerk*, and a *judge* had held a vendetta against me for that, at least that could be overturned on appeal. But I can't appeal an arbitration award.

26.     This means that the AAA can never again oversee any of my claims.

27.     However, I also cannot simply move my disputes to a different arbitration firm, such as FORUM: Alternative Dispute Resolution (formerly known as the National Arbitration Forum) because many of them will not take my case unless the arbitration agreement specifically calls for me to use them. With FORUM, I already know they won't do that, because they already told me so, and I can even provide a copy of the email where they said that if I need to.

28.     This means that my only option is to nullify any and all future arbitration agreements that specifically require I use the AAA and provide no backup option if the AAA has a conflict of interests. I should then be permitted to proceed in court as if there never was an arbitration agreement at all. That's the only way to protect my right to due process.

29.     It's either that, or allow the AAA to continue to arbitrate any disputes I'm involved in, but waive their quasi-judicial immunity unless they can prove that the arbitrator's decision was not even remotely influenced by the filing of this lawsuit. If there is even a possibility that the arbitrator held a grudge against me because of this lawsuit, the award should be vacated under 9 USC § 10(a)(2) and the AAA should be liable to me in a judgment for the value of the claim had I won. But I highly doubt this Court will want to exercise oversight into the matter for that long.

30.     Meanwhile, if the Court were to require that I notify all parties who I enter into contracts with (including any websites which I might have to assent to non-negotiable adhesion contracts), and either negotiate a different arbitration firm or not sign with them at all, that would unduly oppress me.

31.     That would effectively lock me out of countless potential employment opportunities, not to mention countless other contracts, including cell phone agreements, apartment rentals, and website memberships, as they all would most likely simply terminate me on the spot than deal with negotiating a different arbitration firm.

32.     I should not have to suffer that kind of widespread and systemic consequence when it is the AAA's fault that it came to this in the first place. Therefore, nullifying the arbitration agreement and allowing me to proceed to court the same as if there never was an arbitration agreement at all is the best way to protect my due process rights moving forward.

### III: ARGUMENTS & LAW

33. For the following reasons, I am entitled to relief.

### III-1: Prima facie claim under § 1983

34. Remember that I am not suing the AAA because the arbitrator issued an award in the employer's favor. I am suing them because their other employees, who don't get to decide the merits of the case, refused to even process the papers to get the case opened. That's more like hte equivalent of suing a court clerk, not a judge.

35. To that end, McCray v. State of Maryland, 456 F. 2d 1, 6 (4th Cir. 1972) provides the leading case law on this subject, which states in pertinent part the following:

> "If plaintiff's allegations are true, it is clear that his constitutionally based right of access to courts has been violated. Of what avail is it to the individual to arm him with a panoply of constitutional rights if, when he seeks to vindicate them, the courtroom door can be hermetically sealed against him by a functionary who, by refusal or neglect, impedes the filing of his papers? Viewing plaintiff's complaint with the liberality customarily afforded pro se pleadings, it is unmistakably clear from the face of the complaint that it sufficiently alleges that he was barred access to the courts. This denial of a constitutional right of momentous importance is redressable under section 1983." (citations and quotations omitted)

36. In addition, the AAA is acting under color of state law for the reasons I already explained in Section I-1 above.

37. Therefore, barring an immunity defense (which is the only defense I am required to account for in a complaint under 28 USC § 1915(e)), I have stated a claim for relief under 42 USC § 1983.

### III-2: Immunity

38. McCray, supra also addresses the question of immunity, when it states in pertinent part the following:

> "The immunity of 'quasi-judicial' officers such as prosecuting attorneys and parole board members derives, not from their formal association with the judicial process, but from the fact that they exercise a discretion similar to that exercised by judges... Where an official is not called upon to exercise judicial or quasi-judicial discretion, courts have properly refused to extend to him the protection of absolute judicial immunity, regardless of any apparent relationship of his role to

the judicial system. For example, a defense counsel, a court stenographer, and a jailer all have important duties in the judicial process, but none is afforded judicial immunity because none exercises judicial or quasi-judicial discretion which requires the protection of absolute judicial immunity.

In the instant case, in respect to filing papers, the clerk has no discretion that merits insulation by a grant of absolute immunity; the act is mandatory. His duty, although associated with the court system, is not quasi-judicial (meaning entailing a discretion similar to that exercised by a judge). Clerical duties are generally classified as ministerial, and the act of filing papers with the court is as ministerial and inflexibly mandatory as any of the clerk's responsibilities.

Immunities which have been read into section 1983, derive from those existing at common law. A state officer is generally not immune under common law for failure to perform a required ministerial act. Thus there is no basis for sheltering the clerk from liability under section 1983 for failure to perform a required ministerial act such as properly filing papers.

Finally... the threat of possible tort liability does not 'unduly inhibit' the clerk in the discharge of his duties... federal cause of action does not seem unduly inhibitory." See McCray, supra at 3 (citations omitted).

39.     Therefore, there is no absolute immunity.

40.     Nor is there any qualified immunity, because the AAA is a private entity. For example, private security guards receive no qualified immunity in their actions, even if police officers would have qualified immunity in otherwise identical circumstances.

### IV: RELIEF REQUESTED

41.     If judgment is entered in my favor, then I hereby request the following relief:

### IV-1: Declaratory and Injunctive Relief

42.     First, I ask that the Court enter declaratory judgment finding that the AAA has a ministerial duty to process and file all demands for arbitration that are properly submitted to it, and that they knowingly and maliciously violated that duty to my detriment on two occasions.

43.     I then ask that the Court declare that the AAA and I now have a conflict of interests, thereby nullifying any arbitration agreement I enter into that requires we use the AAA and does not provide a second option in case the AAA cannot take the case due to a conflict of interests.

### IV-2: Damages

44.     If I miss out on my limited window of opportunity to bring arbitration against my two former employers because of AAA's refusal to do their job, I ask that I be compensated $600,000 in compensatory damages for the value of those two cases. For each case, the damages were legally capped at $300,000, and I requested that much in each of my demands. That makes for $600,000 total.

45.     I also ask the Court to consider awarding punitive damages, since it is apparent that the Defendant is intentionally shuffling its feet and knowingly violating my rights.

### V: CONCLUSION

46.     Wherefore, premises considered, I respectfully pray that the Court award judgment in my favor, award costs incurred, and for any other relief to which I may be entitled.

So requested on this, the 2nd day of January, 2026.

*/s/ David Stebbins*

David Stebbins (pro se)
123 W. Ridge Ave.,
Apt D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com
