UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

DAVID STEBBINS, PLAINTIFF

VS. <u>Case                        </u>

AMERICAN ARBITRATION ASSOCIATION DEFENDANTS

**<u>EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER</u>**

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Emergency Motion for Temporary Restraining Order.

1. I ask the Court to order an immediate and indefinite pausing of the enforcement of any and all arbitration agreements to which I am a party and which call for the American Arbitration Association to arbitrate any disputes without any second choices for arbitration firms. Once suspended, I would be free to bring any claims I might otherwise have against those defendants in a court of otherwise competent jurisdiction.

2. If the Court grants this motion immediately, I have a very narrow window of opportunity where I can re-file my complaints against my two former employers in Arkansas state and federal court. The statute of limitations for the defamation claim I had against Premium expires on May 2026. Meanwhile, I received my EEOC Notice of Right to Sue against Bobanks on December 4, 2025, which means that my 90 day window to sue them expires on March 3, 2026. I can just barely file suit in time if the Court acts immediately and pauses the enforcement of the arbitration agreements, but it must act now if I am to avoid this prejudice.

3. To get a temporary restraining order (or TRO for short), in addition to showing the likelihood of irreparable prejudice (which I just showed), I must also prove a high likelihood of success on the merits, that the balance of equities weighs in my favor, and that the TRO serves the public interest.

4. I have a high likelihood of success on the merits because the facts which I have alleged in the complaint are easily provable. Either I'm telling the truth about everything I say in the Complaint, or I am out and out lying, no in between. And if everything I say in the Complaint is true, then I must have documentation (saved emails, call logs, even call recordings) to prove

-1-

everything.

5.     The only thing that might be up in the air is the allegation that, when the AAA violated my rights, they did so willfully and maliciously. But even if that is ultimately disproven, I would still be entitled to judgment in my favor, just that punitive damages would no longer be on the the table.

6.     So the element that I have a high likelihood of success on the merits is certainly proven.

7.     When it comes to the balancing of equities, this is also easily proven. All I have to do, in order to avoid my claims being time-barred, is get the Complaint filed with the courts before the deadlines. Nothing else needs to happen. The judge doesn't have to grant my application to proceed in forma pauperis. I don't have to serve the defendants with process. We don't even have to litigate anything related to the merits of the case.

8.     Once the complaint gets filed, the Arkansas state and federal courts can easily stay proceedings pending resolution of this case. This would negate in its entirety any harm or prejudice that my ex employers might suffer from not being able to arbitrate their claims. When it comes to the scales of justice and the weighing of equities, even a feather can tip the scales in my favor when there's *literally nothing* on the other side.

9.     As for the public interest, it is axiomatic that the public's confidence in alternative dispute resolution would be shaken if arbitration firms were effectively empowered to simply not file a claimant's papers and thereby effectively shut the doors to the claimant entirely, not because the claimant's claims are frivolous, but simply because they refuse to even open a case for him at all, and the claimant is left with no recourse.

10.    If the claimant has no recourse but to simply accept that he can never bring his claim, no matter how meritorious, then that would violate one of the most bedrock principles of our jurisprudence: That there must be a remedy for every wrong. Granting me an alternative means of bringing my claims against my former employers – and doing so immediately before the time limits expire – is the only way to ensure that public interest is protected.

11.    Therefore, I have met all four requirements to be eligible for a temporary restraining order.

12.    Please find, attached, a proposed order granting this motion.

13.    Wherefore, premises considered, I respectfully pray that this emergency temporary restraining order be granted, and for any other relief to which I may be entitled.

So requested on this, the 2nd day of January, 2026.

*/s/ David Stebbins*
David Stebbins (pro se)
123 W. Ridge Ave.,
Apt D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com