UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID STEBBINS,

                Plaintiff,

-against-

AMERICAN ARBITRATION ASSOCIATION, INC.,

                Defendant.

1:26-CV-0017 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff David Stebbins, of Harrison, Arkansas, who is proceeding *pro se*, has filed a civil action under 42 U.S.C. § 1983, seeking damages and injunctive relief. He sues the American Arbitration Association, Inc. ("AAA"), of New York, New York. Plaintiff has filed with his complaint a motion for a temporary restraining order ("TRO motion") (ECF 3) and a "motion for marshal service" (ECF 2). By order dated January 7, 2026, the Court granted Plaintiff *in forma pauperis* ("IFP") status. (ECF 7.) In this order, the Court denies Plaintiff's TRO motion, but it will issue an explanatory order at a later date as to why it denies that motion. The Court also denies Plaintiff's motion for marshal service.

## DISCUSSION

**A.    TRO motion**

      In his TRO motion, Plaintiff asks the Court:

> to order an immediate and indefinite pausing of the enforcement of any and all arbitration agreements to which [he is] a party and which call for the [AAA] to arbitrate any disputes without any second choices for arbitration firms. Once suspended, [Plaintiff] would be free to bring any claims [he] might otherwise have . . . in a court of otherwise competent jurisdiction.

(ECF 3, at 1.) In addition, Plaintiff states that:

> [i]f the Court grants this motion immediately, [Plaintiff has] a very narrow window of opportunity where [he] can re-file [his] complaints against [his] two

>    former employers in Arkansas state and federal court. The statute of limitations for the defamation claim [Plaintiff] ha[s] against [a former employer] expires [in] May 2026. Meanwhile, [Plaintiff] received [his] EEOC Notice of Right to Sue against [another former employer] on December 4, 2025, which means that [Plaintiff's] 90 day window to sue them expires on March 3, 2026. [Plaintiff] can just barely file suit in time if the Court acts immediately and pauses the enforcement of the arbitration agreements, but it must act now if [he is] to avoid this prejudice.

(*Id.*)

The Court must deny Plaintiff's TRO motion. To obtain the immediate injunctive relief Plaintiff seeks, he must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000); *Dennis v. K&L Gates LLP*, No. 1:20-CV-9393 (MKV), 2025 WL 902457, at *2 (S.D.N.Y. Mar. 25, 2025) (quoting *MyWebGrocer, LLC v. Hometown Info, Inc.*, 375 F.3d 190, 192 (2d Cir. 2004)). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Plaintiff's submissions, including his complaint and TRO motion, do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. Accordingly, the Court denies Plaintiff's TRO motion. The Court will issue an explanatory order at a later date as to why it denies that motion.

B.     **Motion for Marshal Service**

The Court must also deny Plaintiff's motion for marshal service. This action is being reviewed pursuant to the screening requirements laid out in the IFP statute, 28 U.S.C. § 1915, under which all IFP civil actions must be reviewed before any summonses are issued. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). "Thus, before summonses are issued in this case, the district court must determine whether the action shall be dismissed (1) as frivolous or malicious, (2) for failure to state a claim, or (3) because the action seeks monetary relief from a defendant immune from such relief." *Panagiotopoulos v. Galati*, No. 1:25-CV-6947 (LTS), 2025 WL 3077790, at *5 (S.D.N.Y. Nov. 3, 2025) (denying "Plaintiff's motion for service of summonses by the U.S. Marshals" and citing § 1915(e)(2)(B)(i)-(iii)); *McClellon v. Lemonade Ins. Co.*, No. 1:24-CV-8617 (LTS), 2025 WL 2988498, at *1 (S.D.N.Y. Sept. 11, 2025); *Pynn v. Pynn*, No. 24-CV-0508, 2024 WL 3647783, at *10 (W.D.N.Y. Aug. 5, 2024), *appeal pending*, No. 25-1128 (2d Cir.); *Mugabo v. New York*, No. 16-CV-0870, 2022 WL 1216345, at *4-5 (W.D.N.Y. Jan. 12, 2022), *report & recommendation adopted in part and rejected in part on other grounds*, 2022 WL 780271 (W.D.N.Y. Mar. 15, 2022). Accordingly, "it would be premature to order service" before the Court fulfills its statutory obligations. *McClellon*, 2025 WL 2988498, at *1 (internal quotation marks and citation omitted). The Court therefore denies Plaintiff's motion for marshal service.

## CONCLUSION

The Court denies Plaintiff's TRO motion (ECF 3) and his motion for marshal service (ECF 2).

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   January 8, 2026
         New York, New York

                                     /s/ Laura Taylor Swain
                                     LAURA TAYLOR SWAIN
                                   Chief United States District Judge